CROWELL & MORING LLP
Thomas F. Koegel (CSB No. 125852, tkoegel@crowell.com)
Nathaniel P. Bualat (CSB No. 226917, nbualat@crowell.com)
Suzanne E. Rode (CSB No. 253830, srode@crowell.com)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Chapter 7 Trustee
E. Lynn Schoenmann

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>UCBH HOLDINGS, INC.,<br>Debtor. | Chapter Number: 7<br>Case No. 09-33701<br>**MOTION TO ASSUME, ASSIGN AND SELL LIMITED PARTNER INTEREST IN TRANSLINK CAPITAL PARTNERS I, L.P.**<br>Judge: Hon. Thomas E. Carlson<br>Courtroom: 23<br>Date: May 7, 2010<br>Time: 9:30 a.m. |

Pursuant to Bankruptcy Local Rule 9013-1(b)(2), Chapter 7 Trustee E. Lynn Schoenmann ("Trustee") presents this Motion to provide a concise statement of the relief sought.

The Trustee seeks an order from the Court allowing the Trustee's assumption, assignment and sale of the bankruptcy estate's limited partner interest in TransLink Capital Partners I, L.P. ("Investment") subject to the overbid procedure established in her notice. TransLink Capital Partners I, L.P. ("TransLink") focuses on investments in early to expansion stage startup companies with connections to the Northeast Asia region, including Japan, Korea and Taiwan, in the mobile, communications and digital media sectors. The Trustee proposes to sell and assign the Investment to SVB Strategic Investors Fund IV, L.P. ("Buyer") for a base purchase price of

$180,000 pursuant to the Purchase Agreement by and between the Trustee and Buyer ("Purchase Agreement"), unless a qualified overbid is received. In addition, the Buyer will be required to contribute to TransLink the remaining $350,000 of Debtor's initial capital commitment.

Although Debtor scheduled the Investment at $431,447, the base purchase price of $180,000 represents fair and reasonable value to the estate. The scheduled amount—apparently based on Debtor's estimate of its capital balance in TransLink—does not adequately assess the actual value due to the limited market for and marketability of the Investment and the effect of the requirement for continuing capital contributions of $350,000 from an investor.

As reflected in the Purchase Agreement, several factors limit both the market for the Investment and the Trustee's ability to market it. First, because the Investment is not registered under applicable securities laws, the Investment cannot be offered for sale by means of any general advertising or by any other form of general solicitation. Second, the Investment is intended to be held indefinitely as an investment and not for resale. Finally, to restrict resale and insure compliance with securities law, TransLink's Partnership Agreement strictly limits transfers and marketing of the Investment, including prohibiting any transfer without TransLink's general partner's prior consent (which cannot be unreasonably withheld).

In addition to the Investment's limited marketability, the obligation to contribute additional capital to TransLink adversely affects the value of the Investment for the estate. Pursuant to the Partnership Agreement, TransLink's general partner can make a capital call upon a limited partner on as little as ten business days prior notice. $350,000 of Debtor's original $1,000,000 capital commitment remains unfunded and will be subject to the General Partner's future capital calls. Should a limited partner fail to contribute pursuant to a capital call, the limited partner would be deemed a "Defaulting Limited Partner." A "Defaulting Limited Partner" can lose, among other things, 50% of its interest in future profits (but not losses) and 50% of the balance in its capital account. Because apparently Debtor based the schedule amount for the Investment solely on its capital balance, loss of 50% of that balance alone would slash Debtor's scheduled amount in half, and that loss does not include the loss of future profits and other rights. The value of the Investment, therefore, must take into account the remaining

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

MOTION TO ASSUME, ASSIGN AND SELL
INTEREST IN TRANSLINK CAPITAL PARTNERS;
CASE NO. 09-33701

Case: 09-33701   Doc# 36   Filed: 04/12/10   Entered: 04/12/10 22:25:54   Page 2 of 4

$350,000 capital commitment, which can be subject to an immediate capital call. Such a capital call would require the estate to either (a) satisfy the request with its limited resources, if such a contribution were even prudent, or (b) sacrifice a substantial portion of the value of the Investment.

Considering the above factors, the purchase price is fair and reasonable. Nevertheless, the Trustee has also established the following overbid procedure. Any proposed overbid must be in written form and delivered to counsel for the Trustee no later than April 23, 2010 at 5:00 p.m. PST. Any such proposed overbid must exceed the existing bid by at least $20,000—must be at least $200,000. Any subsequent competing bid for the Investment must exceed the previous highest bid by at least $10,000. In addition, to be "qualified," any overbid and bidder would be subject to:

- The Trustee's evaluation;
- Approval of TransLink's general partner;
- Payment of all future capital calls made by TransLink equal to $350,000; and
- Terms and conditions substantially similar to those set forth in the Purchase Agreement, including the term and conditions in the Limited Partner Transfer and Substitution Agreement, which is attached as Exhibit B to the Purchase Agreement.

Should any qualified overbid be produced, the Trustee will file notice(s) of the qualified overbid(s) and proposes to conduct final bidding in open court at the time of the hearing noticed herein.

Because (i) the contemplated sale represents good value for and is in the best interest of the estate and (ii) TransLink's general partner has indicated that it will consent to the assignment to Buyer upon the Court's approval, the Trustee respectfully requests an order approving her assumption of the Investment and her assignment and sale of it to the Buyer pursuant to the Purchase Agreement or to such other higher qualified bidder under the bidding procedure she has announced.

In addition, the Trustee requests that the Court waive the stay imposed by Federal Rules

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

MOTION TO ASSUME, ASSIGN AND SELL
INTEREST IN TRANSLINK CAPITAL PARTNERS;
CASE NO. 09-33701

Case: 09-33701    Doc# 36    Filed: 04/12/10    Entered: 04/12/10 22:25:54    Page 3 of 4

of Bankruptcy Procedure 6004(g) and 6006(d).

This Motion is supported by the Notice of Hearing, Memorandum of Points and Authorities and the Declaration of E. Lynn Schoenmann concurrently filed herewith.

Dated: April 12, 2010					CROWELL & MORING LLP


/s/
Thomas F. Koegel
Attorneys for Chapter 7 Trustee
E. Lynn Schoenmann

106065\0000001\902040678.2