CROWELL & MORING LLP
Thomas F. Koegel (CSB No. 125852, tkoegel@crowell.com)
Nathaniel P. Bualat (CSB No. 226917, nbualat@crowell.com)
Suzanne E. Rode (CSB No. 253830, srode@crowell.com)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Chapter 7 Trustee
E. Lynn Schoenmann

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Chapter Number: 7 |
| UCBH HOLDINGS, INC., | Case No. 09-33701 |
| Debtor. | **NOTICE AND OPPORTUNITY FOR HEARING ON MOTION TO APPROVE STIPULATION REGARDING STAY OF ADVERSARY PROCEEDING AND ESTABLISHMENT OF SEGREGATED ACCOUNT FOR TAX-RELATED PAYMENTS** |
| | . |
| | Judge: Hon. Thomas E. Carlson<br>Courtroom: 23 |

TO THE DEBTOR, THE U.S. TRUSTEE AND ALL CREDITORS:

PLEASE TAKE NOTICE that Chapter 7 Trustee E. Lynn Schoenmann has filed a Motion to Approve Stipulation Regarding Stay of Adversary Proceeding and Establishment of Segregated Account for Tax-Related Payments.

Through her Motion, the Trustee seeks approval of a Stipulation setting forth procedures for the treatment of each of four categories of property at issue in the adversary proceeding styled *Schoenmann v. East West Bank, et al.* Adv. Proc. No 09-3228 (TEC) Adversary. In summary,

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

NOTICE AND OPPORTUNITY FOR HEARING ON
MOTION TO APPROVE TAX STIPULATION; CASE
NO. 09-33701

Case: 09-33701    Doc# 63    Filed: 08/02/10    Entered: 08/02/10 17:33:02    Page 1 of 4

those procedures are as follows:

(1) <u>The 4892 Account and Tax Refunds</u>. The Stipulation provides that the Trustee shall establish a separate, segregated Tax Refund Holding Account in the name of the Bankruptcy Estate of UCBH Holdings, Inc. for the sole purpose of holding on deposit tax refunds and interest accrued on them. Certain tax refunds received since the Petition Date or which will be received in the future by either the Trustee or the FDIC-Receiver will also be deposited in this segregated account. Tax Refunds now held in deposit account XXXXX4892 will be placed in the segregated account within ten business days after an Order is entered approving the Stipulation. These procedures are not an admission by any party as to what party owns any funds in the Tax Refund Holding Account, and no funds will be released from the account until the Trustee and the FDIC reach an agreement on the interim or final allocation of the tax refunds, or an order entered by a federal court of competent jurisdiction determines ownership. The Trustee and the FDIC agree to undertake reasonable efforts to reach agreement as to their respective ownership of the tax refunds. The Trustee and the FDIC-Receiver also agree that they may jointly employ professionals to prepare necessary filings with taxing authorities and satisfy the tax obligations of the UCBH group of companies, including the Bank, and that fees for such jointly retained tax professionals will be transferred from the segregated Tax Refund Holding Account to the estate for payment to the professionals.

(2) <u>Stock Certificates</u>. The FDIC-Receiver agrees that stocks and interests listed on UCBH's Schedule B Exhibits 13 and 14 (First American International Corp., American California Bank, Global Commerce Stock, Techgains Pacific Century Fun, LP, and Translink Capital Partners 1, LP) are part of the bankruptcy estate and withdraws any objection to the transfer of instruments and other documents regarding those investments from East West Bank to the Trustee.

(3) <u>Personal Property</u>. The parties agree to work in good faith to establish title to the personal property. The FDIC-Receiver does not object to the turnover by East West Bank to the Trustee of the items listed at No. 28 on UCBH's Schedule B, but reserves its right to object to any claim by the Trustee to "building improvements" not specified in that schedule. The Trustee

1 agrees not to seek turnover of the property except after agreement with East West Bank or further

2 order of this Court.

3     (4) <u>Records</u>.  The FDIC-Receiver consents to the production by East West Bank of any

4 UCBH documents, pursuant to this Court's February 5, 2010 Non-Waiver Order, and East West

5 Bank agrees to produce such documents upon reasonable notice and receipt of reasonable costs of

6 copying.  The FDIC-Receiver reserves the right to object to the production of records that it

7 concludes are records of the Bank.  The FDIC-Receiver will work in good faith with the Trustee

8 to make available to the estate any records of UCBH that have been acquired by the FDIC-

9 Receiver (although this obligation shall not be enforceable in this Bankruptcy Court).

10     In addition to providing procedures for the treatment of the property at issue in the

11 Adversary Proceeding, the Stipulation provides for a stay of the Adversary Proceeding to allow

12 the parties to cooperate in performing their commitments under the Stipulation and while they

13 attempt to resolve their disputes by final agreement.  Any party to the Stipulation may terminate

14 the stay upon 15-days notice.

15     PLEASE TAKE FURTHER NOTICE that Bankruptcy Local Rule 9014-1 of the United

16 States Bankruptcy Court for the Northern District of California prescribes the procedures to be

17 followed and that any objection to the requested relief, or a request for hearing on the matter,

18 must be filed and served upon the initiating party within 21 days of mailing of this notice.  A

19 request for hearing or objection must be accompanied by any declarations or memoranda of law

20 the party objecting or requesting wishes to present in support of its position. If there is not a

21 timely objection to the requested relief or a request for hearing, the Court may enter an order

22 granting the relief by default.  The Trustee will give at least 7 days written notice of hearing to the

23 objecting or requesting party, and to any trustee or committee appointed in the case, in the event

24 an objection or request for hearing is timely made.

25     Pursuant to the Court's June 11, 2010 Order Limiting Notice and Service Requirements

26 [Document No. 54], Trustee is serving copies of this Notice on: (1) all creditors who filed proofs

27 of claim within the 90-day period provided under Rules 2002(h) and 3002(c), which began on

28 December 14, 2009 and ended on March 14, 2010; (2) all entities that have requested special

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

NOTICE AND OPPORTUNITY FOR HEARING ON
MOTION TO APPROVE TAX STIPULATION; CASE
NO. 09-33701

Case: 09-33701   Doc# 63   Filed: 08/02/10   Entered: 08/02/10 17:33:02   Page 3 of 4

1 notice; (3) the U.S. Trustee; (4) Debtor's counsel; and (5) all governmental units that filed a proof
2 of claim before the end of the period provided under Rule 3002(c)(1). Interested parties may
3 receive a complete set of moving papers through the Court's website at
4 http://ecf.canb.uscourts.gov or by contacting counsel for the Trustee at the above telephone or
5 email address.

Dated: August 2, 2010

CROWELL & MORING LLP

/s/
Thomas F. Koegel
Attorneys for Chapter 7 Trustee
E. Lynn Schoenmann

106065\0000001\902122598.1

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

NOTICE AND OPPORTUNITY FOR HEARING ON
MOTION TO APPROVE TAX STIPULATION; CASE
NO. 09-33701

Case: 09-33701   Doc# 63   Filed: 08/02/10   Entered: 08/02/10 17:33:02   Page 4 of 4